IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| IN RE: ) | |
| ) | Case Number: 16-80013 |
| JON DERWOOD KENT and ) | |
| DONNA MARIE KENT, ) | Chapter 13 |
| ) | |
| Debtor. ) | |

---

| | |
|---|---|
| JON DERWOOD KENT and ) | |
| DONNA MARIE KENT, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Adversary Proceeding Number |
| ) | |
| NATIONSTAR MORTGAGE, LLC, dba ) | |
| MR. COOPER, ) | |
| ) | |
| Defendant. ) | |

## **COMPLAINT**

COME NOW the Plaintiffs, Jon Derwood Kent and Donna Marie Kent, (hereinafter "Plaintiffs"), by and through undersigned counsel, and present this complaint for damages and injunctive relief against Defendant, Nationstar Mortgage, LLC, dba Mr. Cooper, (hereinafter "Defendant"), for its violation of the automatic stay provisions of 11 U.S.C. §362(a), stating as follows:

### **INTRODUCTION**

1.  Plaintiffs initiate this adversary proceeding seeking damages and injunctive relief as a result of Defendant's violation of the automatic stay provided by virtue of 11 U.S.C. §362(a).

2. Defendant violated 11 U.S.C. §362(a) by engaging post-petition efforts to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate while the automatic stay was still in effect.

3. Plaintiffs seek actual, compensatory, and punitive damages, as appropriate, for Defendant's violations of 11 U.S.C. §362(a). Further, Plaintiffs seek attorney fees, costs and expenses of this action pursuant to 11 U.S.C. §362(k).

## JURISDICTION

4. Pursuant to 28 U.S.C. §§157, 1331 and 1334, this Honorable Court has jurisdiction over the core claims within this proceeding. To the extent this proceeding addresses non-core claims, Plaintiffs consent to the entry of a Final Order by this Honorable Court.

5. Venue is proper in the United States Bankruptcy Court for the Middle District of Alabama pursuant to 28 U.S.C. §§1391 and 1409 since the claims arise from a bankruptcy proceeding in this District, all or a substantial part of the events or omissions giving rise to this claim occurred in this District, and the Defendant is subject to the jurisdiction of this Honorable Court.

## PARTIES

6. Plaintiffs, Jon Derwood Kent and Donna Marie Kent, are natural persons, reside within the geographical area encompassed by the jurisdiction of the United States District Court for the Middle District of Alabama, and are debtors in the underlying Bankruptcy Proceeding.

7. Defendant, Nationstar Mortgage, LLC, dba Mr. Cooper, is a Foreign Corporation and has a principal place of business at 8950 Cypress Waters Boulevard, Coppell, TX 75019, and is engaged in the business of financing mortgage loans and buying and/or collecting debts owed

or alleged to be owed by consumers.

## FACTUAL ALLEGATIONS

8. Plaintiffs incorporate herein by reference each of the foregoing paragraphs.

9. On January 6, 2016, Plaintiffs filed a Voluntary Petition (hereinafter, "the Petition") under Chapter 13, Title II, of the United States Code, more specifically identified by Case Number 16-80013, in the United States Bankruptcy Court for the Middle District of Alabama.

10. As a result of said filing, relief pursuant to the automatic stay provisions of 11 U.S.C. §362(a) was granted to Plaintiffs.

11. Within Schedule D of the Petition, Plaintiffs identified Defendant as the holder of a claim related to a mortgage executed by Plaintiffs and secured by real property located at 314 Benson Avenue, Tallassee, AL 36078.

12. On May 2, 2016, Defendant filed its Proof of Claim wherein it claims an indebtedness from Plaintiffs in the amount of $55,935.65, including arrears. (See Proof of Claim #15).

13. Plaintiffs Chapter 13 Plan filed in the underlying Bankruptcy Proceeding provides for pre-petition arrearage owed to Defendant to be paid through the Plan with post-petition payments to Defendant to be paid directly by Plaintiffs.

14. After the filing of Plaintiffs' Petition, Plaintiffs fell behind on their post-petition payments and on June 15, 2017, a Motion for Relief from Automatic Stay was filed by Defendant in the underlying Bankruptcy Proceeding (Crt Doc #68). On August 17, 2017, an Order was entered entitled "Agreed Order Conditionally Denying Motion for Relief from the Automatic

Case 20-08008    Doc 1    Filed 04/17/20    Entered 04/17/20 16:52:20    Desc Main
Document    Page 3 of 8

Stay". (CrtDoc#79) The Order stated that the "...should the Debtor default under the mortgage agreement between the parties beginning August 1, 2017, the Motion for Relief from Stay is granted if the Movant gives the Debtors, and the Debtors' attorney twenty (20) days written notice of opportunity to cure. If the default is not cured within twenty (20) days from the date the notice is issued, then the stay shall lift without further order of the Court."

15. On May 25, 2018, Defendant filed a Proof of Claim (See Proof of Claim #23) in the amount of $1,999.08 per the Order entered on August 17, 2017 (Crt Doc #79).

16. On October 14, 2019, Defendant, by and through their bankruptcy counsel, sent a "letter as notice pursuant to the Agreed Order entered in the above-referenced Chapter 13 case on August 18, 2017,..." ("Notice") stating Plaintiffs were in default in their mortgage payments in the total amount of $982.03.

17. Plaintiffs contacted their bankruptcy counsel and advised that Defendant has been receiving a payment every two weeks and that they were not behind on their mortgage payments as stated in the Notice. Plaintiffs' bankruptcy requested Plaintiffs provide proof of all payments made to Defendant beginning August 1, 2017, to present.

18. On November 8, 2019, Defendant, by and through their bankruptcy counsel, filed a Notice of Termination of Automatic Stay (Crt Doc #95) stating the "Since the Notice, the delinquency has not been cured and the loans remains in default."

19. Plaintiffs provided their bankruptcy counsel with printouts from their bank reflecting all payments made to Defendant since August 1, 2017.

20. On November 26, 2019, Plaintiffs' bankruptcy counsel, after reviewing the documentation provided by Plaintiffs, emailed Defendant's bankruptcy counsel, Amanda Beckett

with Rubin Lublin, LLC, advising that it looked like all payments were made by Plaintiffs and they were not in default on their payments at the time the Notice was issued. Plaintiffs' bankruptcy counsel requested that Defendant's bankruptcy counsel review the matter and provide a payment history. Plaintiffs' bankruptcy counsel further advised that he would like to resolve the matter without court involvement.

21. On or around December 2, 2019, Plaintiffs received a letter from Defendant dated November 26, 2019, advising that Plaintiffs loan "is currently due for 09/01/2019 payment..." and "In order to cure this default, you must pay the total amount due of $2,276.86..."

22. On December 18, 2019, Plaintiffs' bankruptcy counsel, after receiving no response from Defendant's bankruptcy counsel, sent a follow-up email to Defendant's bankruptcy counsel, Sharonda Escoffery, also with Rubin Lublin, LLC, and copied Amanda Beckett on the email advising that he had not received a response to the email to Amanda Beckett on November 26, 2019.

23. On December 19, 2019, Sharonda Escoffery responded to Plaintiffs' bankruptcy counsel's December 18, 2019, email advising that she was not sure what happened to that first email and that she would wait for Amanda Beckett to chime in regarding the issue. There was no response to the email correspondence and no payment history was ever provided by Defendant's bankruptcy counsel as requested in Plaintiffs' bankruptcy counsel's November 26, 2019, email.

24. Defendant continued to send statements and correspondence to Plaintiffs and Plaintiffs continued to make payments to Defendant, but Defendant continued to return the payments stating it was not enough to bring the account current. The most recent being sent on February 6, 2020, advising that the total amount to bring the account current was $3,800.30.

25. On February 11, 2020, Plaintiffs made a payment of $1,180.00 for January 2020 and February 2020 payments and advised bankruptcy counsel that they felt Defendant was back to accepting payments.

26. On February 14, 2020, Defendant sent a letter to Plaintiffs advising "It has come to our attention that inaccurate information regarding the above-referenced account was inadvertently provided to credit reporting agencies on January 21, 2020. We have sent the corrected information to the credit reporting agencies and they are in the process of updating their records accordingly. No action is required on your part. We apologize for any inconvenience this may have caused."

27. Although Defendant appears to have resumed accepting payments from Plaintiffs, Defendant has not withdrawn the Notice filed on November 8, 2019, resulting in the arrears to be paid to Defendant through Plaintiffs' plan not being paid by the Chapter 13 Trustee.

28. Defendant engaged in the aforesaid collection activities in violation of the automatic stay of 11 U.S.C. §362(a).

## WILLFUL VIOLATIONS OF 11 U.S.C. §§362(a)

29. Plaintiffs incorporate herein by reference each of the foregoing paragraphs.

30. Defendant violated one or more provisions of 11 U.S.C. §362(a) as stated herein above.

31. Specifically, with actual knowledge of the underlying bankruptcy proceeding and in the absence of an order modifying, terminating or granting relief from the automatic stay, Defendant engaged in post-petition activities to collect monies from Plaintiffs and/or to obtain possession of property of the estate or of property from the estate or to exercise control over

property of the estate while the automatic stay was still in effect.

32. Because of Defendant's indisputable knowledge of the underlying bankruptcy proceeding, Defendant undertook such violative collection actions intentionally and willfully.

33. As a direct and proximate result of Defendant's violations of the various provisions of 11 U.S.C. §362(a), Plaintiffs have suffered damages including, but not limited to, embarrassment, anger, anxiety, stress, loss of the protections afforded by the automatic stay, and has been caused to employ the services of the undersigned counsel to assist with prosecution of this matter.

## PRAYER FOR RELIEF

WHEREFORE, THE PREMISES CONSIDERED, Plaintiffs respectfully request this Honorable Court to enter an Order:

a. Holding Defendant in contempt of this Court for violating the automatic stay provision(s) of 11 U.S.C. §362(a);

b. Ruling that Plaintiffs were not in default at the time the notice of default was issued on October 14, 2019, the Notice of Termination of Stay filed on November 8, 2019 (Crt Doc #95) is void, and that the automatic stay as to Nationstar Mortgage, LLC, dba Mr. Cooper, on Plaintiffs property located at 314 Benson Avenue, Tallassee, AL 36078, is still in place;

c. Enjoining Defendant from further attempts to collect upon said indebtedness in the absence of the requisite relief;

d. Ruling that the Chapter 13 Trustee shall resume payments to Defendant on Proof of Claim #23 for arrears per the August 17, 2017 Order;

e. Awarding to Plaintiffs and against Defendant actual, compensatory, and punitive damages for its violations of the automatic stay provisions of 11 U.S.C. §362(a), pursuant to 11 U.S.C. §362(k);

f. Awarding to Plaintiffs and against Defendant the attorney fees, costs and expenses of this litigation, pursuant to 11 U.S.C. §362(k); and

g. Awarding such other and further relief as this Honorable Court deems appropriate.

    /s/ Paul D. Esco
PAUL D. ESCO ASB-3772-O61P
Attorney for Plaintiffs/Debtors

OF COUNSEL:
PAUL D. ESCO
ATTORNEY AT LAW, LLC
2800 Zelda Road; Suite 200-7
Montgomery, Alabama 36106
334/832-9100
334/832-4527 [fax]
E-mail: paul.esco@aol.com